**QIN CHEN, Petitioner,**

v.

**UNITED STATES ATTORNEY GENERAL, Respondent.**

**No. 06–2876–ag.**

United States Court of Appeals, Second Circuit.

Feb. 5, 2007.

Liu Yu, New York, New York, for Petitioner.

Mary R. Pelletier, Attorney, Tax Division (Peter D. Keisler, Assistant Attorney General, Civil Division, and Leslie McKay, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, on the brief), U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WALKER, Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Qin Chen, a native and citizen of the People's Republic of China, seeks review

**18**

of a June 2006 order of the BIA affirming the decision of Immigration Judge ("IJ") Alan L. Page denying Chen's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qin Chen*, No. A97 385 462 (B.I.A. June 1, 2006), *aff'g* No. A97 385 462 (Immig. Ct. N.Y. City Apr. 7, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 395, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338–40 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ In this case, substantial evidence supports the IJ's adverse credibility finding as a whole. The IJ found several inconsistencies in Chen's statements: first,

concerning where her child was living (whether with her mother or boyfriend); second, concerning when she received notice that she would be sterilized; and finally, concerning whether she was married.

■ In discussing the first inconsistency, the IJ properly relied upon Chen's airport and credible fear interview statements because "the record of the interview[s] indicates that it presents an accurate record of the alien's statements, and that [the interviews] w[ere] not conducted under coercive or misleading circumstances." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 179 (2d Cir.2004) (citing *Balasubramanrim v. INS*, 143 F.3d 157, 162 (3d Cir.1998)). Indeed, the record contains a complete, verbatim transcript of the interviews, which were conducted in Mandarin, and there is no suggestion of either confusion or coercion in either interview transcript. This inconsistency was a proper basis for the adverse credibility finding; it was not a minor discrepancy. *Id.* at 181; *see also Guan v. Gonzales*, 432 F.3d 391 (2d Cir.2005).

As to the second and third inconsistencies, while the second concerns minor date discrepancies that should not be deemed fatal to credibility, *see Alvarado–Carillo v. INS*, 251 F.3d 44, 51 (2d Cir.2001), the third inconsistency was also a proper basis for the IJ's adverse credibility finding, as Chen's confusion regarding her marital status is not minor. Nor did Chen's response resolve this inconsistency.

■ Finally, Chen's failure to corroborate her testimony bears on her credibility because the absence of corroboration makes her unable to rehabilitate testimony that has already been called into question. *See Zhou Yun Zhang*, 386 F.3d at 78. Here, because Chen's testimony was not

otherwise credible, the IJ properly relied on her lack of corroborative documents, including affidavits from her mother and the people she stayed with after evading family planning authorities.

■ Because Chen does not argue her CAT claim in her brief to this Court, that claim is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 546 n. 7 (2d Cir.2005).

■ Finally, we note that Chen did not raise her due process violation with respect to the hearing interpreter to the BIA, and therefore we lack jurisdiction to address it. *See* 8 U.S.C. § 1252(d)(1).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).